**UNITED STATES DISTRICT
COURT DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| JOHN ZIMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 8:21-cv-1042 |
| | ) |
| CAPITAL ACCOUNTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JOHN ZIMMER ("Plaintiff"), through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, CAPITAL ACCOUNTS, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of Frederick, Frederick County, State of Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in the City of Nashville, Davidson County, State of Tennessee.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant conducts business in the State of Maryland.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around January 2021, Defendant began placing calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-7624, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 503-765-1548, which is one of Defendant's telephone numbers.

22. On at least two occasions since Defendant began calling Plaintiff, Plaintiff has spoken with one of Defendant's collectors and has requested for Defendant to stop calling him including, but not limited to, on or about January 27, 2021.

23. On or about January 27, 2021, Plaintiff received a call from Defendant that went unanswered.

24. On or about January 27, 2021, Plaintiff returned Defendant's call and spoke with one of Defendant's collectors.

25. During the above-referenced conversation, Plaintiff requested for Defendant to never contact him again.

26. Despite Plaintiff's request for Defendant to never contact him again, Defendant continued to place collection calls to Plaintiff's telephone unabated.

27. Defendant continued to place collection calls to Plaintiff's telephone with the intent to annoy, abuse or harass Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to never contact him again;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to never contact him again;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to never contact him again; and

    d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

29. Defendant's acts as described above were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff

for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JOHN ZIMMER, respectfully requests judgment be entered against Defendant, CAPITAL ACCOUNTS, LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 29, 2021                By: /s/ Michael A. Siddons
                                                 Michael A. Siddons
                                                 Attorney #89018
                                                 The Law Firm of Michael Alan Siddons, Esquire
                                                 230 N. Monroe Street
                                                 PO Box 403
                                                 Media, PA 19063
                                                 Tel: 410-705-0970
                                                 msiddons@siddonslaw.com
                                                 Attorney for Plaintiff